## S03A1527. FERGUSON v. THE STATE.
(590 SE2d 728)

SEARS, Presiding Justice.

The appellant, Tami Ferguson, appeals from her convictions for serious injury by vehicle and for three counts of driving under the influence.[1] On appeal, Ferguson contends that the trial court erred in denying her motion to suppress the results of the chemical tests performed on her blood. In this regard, Ferguson's testing was not performed pursuant to probable cause to believe that she was driving under the influence. Instead, it was performed pursuant to the provision in OCGA § 40-5-55 (a) that requires chemical testing, even in the absence of probable cause, of anyone driving a motor vehicle who "is involved in any traffic accident resulting in serious injuries or fatalities." Ferguson based her motion to suppress on her contention that this provision in § 40-5-55 (a) is unconstitutional, and contends on appeal that we should hold that the provision is unconstitutional and reverse the trial court's denial of her motion to suppress. Because this Court recently held that OCGA § 40-5-55 is unconstitutional "to the extent that [it] requires chemical testing of the operator of a motor vehicle involved in a traffic accident resulting in serious injuries or fatalities regardless of any determination of probable cause,"[2] we hold that the trial court erred in denying Ferguson's motion to suppress. Accordingly, Ferguson's convictions for serious injury by vehicle and for driving under the influence must be reversed.

*Judgment reversed. All the Justices concur.*

---

[1] The crimes occurred on May 12, 2002, and Ferguson was indicted on October 9, 2002. Following a bench trial, the trial court found Ferguson guilty on all counts of the indictment on March 13, 2003. The trial court sentenced Ferguson on April 2, 2003, and Ferguson filed a notice of appeal on April 4, 2003. The appeal was docketed in this Court on July 3, 2003, and was submitted for decision on briefs in October 2003.

[2] *Cooper v. State*, 277 Ga. 282, 291 (587 SE2d 605) (2003).

DECIDED NOVEMBER 17, 2003 —
RECONSIDERATION DENIED JANUARY 15, 2004.

*Allen M. Trapp, Jr.*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.